TWENTIETH CIRCUIT COURT
ST CLAIR COUNTY

TIME:  03:37:34 PM
DATE:  Dec 16, 2014
PAGE:  1

**14-L-0752**                      RIGSBY JR VS MEDICINE SHOPPE

PARTY:
JUDGE: NA    NOT ASSIGNED                          STATUS:  OP    OPEN
FILING DATE: 11-13-2014                            CASE TYPE:  L99    LAW OVER - OTHER (L)
DATE CASE ENTERED: 11-13-2014
EVENT CATEGORY:
PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 11-13-2014 | A6 1 | ASM:COMPLAINT FILING FEE<br>STEGMEYER CHARL | | $266.00 |
| 11-13-2014 | A6 1 | OPN:COMPLAINT FILED | | |
| 11-13-2014 | A6 1 | SUM:SUMMONS ISSUED | | |
| 11-13-2014 | A6 1 | SUM:SUMMONS ISSUED | | |
| 11-13-2014 | A6 1 | SUM:SUMMONS ISSUED | | |
| 11-13-2014 | A6 1 | DOC:RECEIPT | | |
| 11-13-2014 | A6 1 | PMT:CFIL COMPLAINT FILING FEE<br>Received Of:  STEGMEYER CHARL<br>Memo: | C  362693 | $-266.00 |
| 12-04-2014 | | DOC:LETTER | | |
| 12-04-2014 | | MOT:MOTION TO DISMISS | | |

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

BILLY R. RIGSBY, JR.              ]

             Plaintiff      ]

vs.                      ]   No: *14L 752*

MEDICINE SHOPPE INTERNATIONAL,  ]
INC., PLATT MARINE SERVICES, INC.  ]
and TONKIN & MONDL, LC,        ]

           Defendants.      ]

```
        FILED
   ST. CLAIR COUNTY
      NOV 1 8 2014
     CIRCUIT CLERK
```

## COMPLAINT
## COUNT I

COMES now the Plaintiff, BILLY R. RIGSBY, JR. by and through his attorney, *Charles*

*H. Stegmeyer,* of Stegmeyer & Stegmeyer, Ltd., and makes the following allegations against the

Defendant, MEDICINE SHOPPE INTERNATIONAL, INC., an Illinois corporation:

1.    At all times relevant herein MEDICINE SHOPPE INTERNATIONAL, INC. was a

      Delaware Corporation doing business in St. Clair County, Illinois.

2.    At all times relevant herein Sonny Shearer was and is employed by defendant,

      MEDICINE SHOPPER INTERNATIONAL, INC.

3.    That at all times relevant herein, plaintiff, BILLY R.RIGSBY, JR.was and is a resident of

      the State of Illinois.

4.    At the time of the incident giving rise to this Complaint, plaintiff, BILLY RIGSBY, was a

      customer of defendant, MEDICINE SHOPPE INTERNATIONAL, INC., and used

      defendant, MEDICINE SHOPPE INTERNATIONAL, INC. as his sole pharmaceutical

      provider.

-1-

5. On or before January 10, 2014, Sonny Shearer or other employees of the defendant, MEDICINE SHOPPE INTERNATIONAL, INC., acting in the course and scope of their employment, accessed plaintiff's confidential, private patient information through the MEDICINE SHOPPE INTERNATIONAL, INC.'s computer system and or other private records, and, in so doing, reviewed plaintiff's prescription history.

6. On or before January 10, 2014, Sonny Shearer or other employees of defendant, MEDICINE SHOPPE INTERNATIONAL, INC., divulged certain contents of plaintiff's prescription history to other individuals or companies including defendant, PLATT MARINE SERVICE, INC. and defendant, TONKIN & MONDL, LC..

7. As a provider of pharmaceutical services, defendant, MEDICINE SHOPPE INTERNATIONAL, INC., owes a non-delegable duty to its customers to protect the privacy and confidentiality of its customers' pharmaceutical information and prescription histories.

8. The above-described acts of Sonny Shearer or other non-named employees of the MEDICINE SHOPPE INTERNATIONAL, INC. were done in the course and scope of their employment with defendant, THE MEDICINE SHOPPE INTERNATIONAL, INC..

9. By and through its employee, defendant, THE MEDICINE SHOPPE INTERNATIONAL, INC., breached its statutory and common law duties of confidentiality and privacy to plaintiff.

10. As a direct and proximate result of this breach, plaintiff has suffered damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus attorney's fees

and costs.

COUNT II

11.   Plaintiff hereby incorporates the foregoing paragraphs 1-10 as if set forth fully herein.

12.   At all times relevant herein, defendant, PLATT MARINE SERVICES, INC., was doing business in St. Clair County, Illinois.

13.   At all times relevant herein, Stuart I. Platt was and is employed by defendant, PLATT MARINE SERVICES, INC.

14.   At the time of the incident giving rise to this Complaint, plaintiff, BILLY R. RIGSBY, JR. was an employee of SHAWNEETOWN HARBOR SERVICES, INC. which was insured by defendant, PLATT MARINE SERVICES, INC.

15.   On or before January 10, 2014, Stuart I. Platt or other employees of defendant, PLATT MARINE SERVICES, INC. acting in the course and scope of their employment, accessed plaintiff, BILLY R. RIGSBY's private , confidential prescription and medical history though the defendant, MEDICINE SHOPPE INTERNATONAL INC.'s employees and other non-named medical providers and in so doing reviewed plaintiff's past prescription history and provided them to Jim Mondl, employee of defendant, TONKIN & MONDL.

16.   As a provider of insurance benefits to Shawneetown Harbor Services,Inc. and its employees, i.e. BILLY R. RIGSBY, defendant had a duty to protect the privacy and confidentiality of its insured and their employees.

17.   The above described acts of Stuart Platt or other non-named employees of defendant, PLATT MARINE SERVICES INC., was done in the course and scope of their employment with defendant, PLATT MARINE SERVICES, INC.

-3-

18. By and though its employees, defendant, PLATT MARINE SERVICES, INC. breached its statutory and common law duties of confidentiality and privacy to plaintiff.

19. As a direct and proximate result of this breach, plaintiff has suffered damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus attorney's fees and costs.

## COUNT III

20. Plaintiff hereby incorporates the foregoing Paragraphs 1-10 of Count I and Paragraphs 12-19 of Count II as if set forth fully herein.

21. As all times relevant herein, the defendant, TONKIN & MONDL was and is a law firm doing business in St. Clair County, Illinois.

22. At all times relevant herein, the defendant, JIM MONDL was an employee of defendant, TONKIN & MONDL.

23. At the time of the incident, defendant, TONKIN & MONDL, represented defendant, PLATT MARINE SERVICES, INC., in a lawsuit filed by plaintiff, BILLY R. RIGSBY, JR. against Shawneetown Harbor Services, Inc. (See Exhibit "1"-lawsuit filed in Federal Court on June 12, 2014.

24. At all times relevant herein, plaintiff was an employee of Shawneetown Harbor Services, Inc. and insured by defendant, PLATT MARINE SERVICES, INC.

25. On or before January 10, 2014, defendant, TONKIN & MONDL by attorney JIM MONDL, was acting in the course and scope of his employment with defendant, PLATT MARINE SERVICES,INC., and had access to plaintiff's confidential, private

patient medical information through the defendants, PLATT MARINE SERVICES INC., and MEDICINE SHOPPE INTERNATIONAL, INC. and other non-named individuals or medical providers.

26. On or before January 10, 2014, defendants MEDICINE SHOPPE INTER-NATIONAL, INC. and PLATT MARINE SERVICES, INC. by and through their employees divulged certain medical history of plaintiff to defendants, TONKIN & MONDL.

27. As a defense firm, TONKIN & MONDL owed a duty to plaintiff to protect his privacy and confidentiality of pharmaceutical information and prescription and medical histories.

28. That defense firm, TONKIN & MONDL breached their duty to plaintiff to protect his privacy and confidentiality of pharmaceutical information and prescription and medical histories by using plaintiff's pharmaceutical, prescription and medical history without his permission.

28. The above-described acts of JIM MONDL as employee of defendant, TONKIN & MONDL was done in the course and scope of his employment with defendant, TONKIN & MONDL.

29. By and through its employee's attorney, defendant, TONKIN & MONDL, breached its statutory and common law duties of confidentiality and privacy to plaintiff.

30. As a direct and proximate result of its breach, plaintiff has suffered damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus attorney's fees and court costs.

-5-

WHEREFORE, plaintiff, BILLY R. RIGSBY, JR. through Counts I, II and III, demands

judgment against the defendants, MEDICINE SHOPPE INTERNATIONAL, INC., PLATT

MARINE SERVICES, INC., and TONKIN & MONDL for an amount in excess of One Hundred

Thousand Dollars ($100,000.00), for costs and interest, for a reasonable attorney's fee, and for

all other just and proper relief.

Respectfully submitted,



Stegmeyer & Stegmeyer, Ltd.

7707 West Main Street, Suite #4

Belleville, IL 62223

(618) 398-4895

stegmeyerlaw@hotmail.com

-6-

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BILL RIGSBY, | ] | |
| | ] | |
| Plaintiff | ] | |
| | ] | |
| vs. | ] | No: 3:14_cv-00676-DRH-SCW |
| | ] | |
| SHAWNEETOWN HARBOR SERVICE, | ] | |
| INC. | ] | |
| | ] | |
| Defendant | ] | |

## COMPLAINT

### COUNT I – THE JONES ACT

Comes now the plaintiff, BILL RIGSBY, by and through his counsel, Charles H. Stegmeyer of Stegmeyer & Stegmeyer, Ltd., and for Count I of his complaint against defendant, SHAWNEETOWN HARBOR SERVICE, INC., states as follows:

1. That this action is properly invoked under Jones Act (46 USCS Appx Section 688).

2. The Jones Act, 46 USCS Appx Section 688 provides, in pertinent part as follows:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in case of personal injury to railway employees shall apply...

3. Pursuant to Section 2 of Article III of the United States Constitution, 25 U.S.C. Section 1333, this Court has jurisdiction over admirality action including this action.

4. That Bill Rigsby is and was a citizen of Shawneetown, County of Gallatin, and State of Illinois at the time of the incident complained of herein.

-1-

EXHIBIT  "1"

Case 3:14-cv-00676-DRH-SCW   Document 2   Filed 06/12/14   Page 2 of 6   Page ID #4

5.  That the defendant, Shawneetown Harbor Service, Inc., is and was an Illinois corporation, in good standing, and doing business in the City of Shawneetown, County of Gallatin, State of Illinois at the time of the incident complained of herein.

6.  That the plaintiff was an employee of Shawneetown Harbor Services, Inc., as a seaman on or about April 9, 2013 and was working on defendant's vessel in the City of Shawneetown, County of Gallatin and State of Illinois spending 30 or more of his working hours on board a vessel under ownership or control of the defendant.

7.  That pursuant to the terms of his employment, the plaintiff was to receive compensation in the amount of Seventy Thousand Dollars ($70,000.00) per year.

8.  That the plaintiff performed all the terms, conditions, and requests of his position in a satisfactory manner.

9.  That the defendant had a duty under the Jones Act to provide its seamen with a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition.

10.     That despite the duty of the defendant to plaintiff, that defendant committed the following act of negligence:

   a.     That the defendant provided 50 pound blocks of ballast to the
          vessel to keep the vessel from capsizing.  Plaintiff was
          severely injured in removing the ballast from the vessel in
          that he tripped and fell in the process of removing the 50 pound
          blocks from the vessel when the vessel was in port.

11.     That as a direct and proximate result of the defendant's breach of duty, the plaintiff has suffered damages, including but not limited to, lost income, lost benefits,

emotional distress, medical bills and suffered injuries to his head, neck and body.

WHEREFORE, the Plaintiff, BILL RIGSBY, prays judgment against the defendant for an amount in excess of One Hundred Thousand Dollars ($100,000.00) and for such other and further relief as the court deems necessary.

## COUNT II - UNSEAWORTHINESS

Comes now the plaintiff, Bill Rigsby by and through his counsel, Charles H. Stegmeyer of Stegmeyer & Stegmeyer, Ltd. and for Count II of his Complaint against the Defendant, Shawneetown Harbor Service, Inc., states as follows:

1. That this action is properly invoked under Jones Act (46 USCS Appx Section 688).

2. The Jones Act, 46 USCS Appx Section 688 provides, in pertinent parts as follows:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in case of personal injury to railway employees shall apply...

3. That Bill Rigsby is and was a citizen of Shawneetown, County of Gallatin, and State of Illinois at the time of the incident complained of herein.

4. That the defendant, Shawneetown Harbor Service, Inc., is and was an Illinois corporation in good standing and doing business in the City of Shawneetown, County of Gallatin, State of Illinois at the time of the incident complained of herein.

5. That the plaintiff was an employee of Shawneetown Harbor Services, Inc. as a seaman on or about April 9, 2013 and was working on defendant's vessel in the City of Shawneetown, County of Gallatin and State of Illinois spending 30 or more of his working Hours on board a vessel under ownership or control of the defendant.

6. That pursuant to the terms of his employment, the plaintiff was to receive compensation in the amount of Seventy Thousand Dollars ($70,000.00) per year.

7. That the plaintiff performed all the terms, conditions and requests of his position in a satisfactory manner.

8. That the defendant had a duty under the Jones Act to provide its seamen with a reasonably safe place to work and to use ordinary care to maintain the vessel in a seaworthy condition.

9. That despite the duty of the defendant to the plaintiff, the defendant committed the following acts:

   a. The vessel, equipment, and or appurtenances were unseaworthy or defective for their intended use because the defendant used concrete 50 pound blocks as ballast to keep the ship from sinking because the vessel was taking on water and would have sunk without the ballast.

   b. That the vessel was unseaworthy because they lacked the number of crew members necessary to carry out the grueling task of removing the 50 pound concrete blocks.

10. That as a result of the unseaworthiness of the vessel, plaintiff was directed to remove the 50 pound concrete blocks and the vessel lacked the proper equipment to safely remove those blocks.

11. That as a direct and proximate result of the unsafe condition of the vessel, the plaintiff suffered damages, including but not limited to lost income, lost benefits, emotional distress, medical bills and permanent injury to his head, neck, and body.

WHEREFORE, the plaintiff, BILL RIGSBY, prays judgment against the defendant for an amount in excess of One Hundred Thousand Dollars ($100,000.00) and for such other and further relief as the court deems necessary.

-4-

## COUNT III – MAINTENANCE AND CARE

Comes now the plaintiff, BILL RIGSBY, by and through his counsel, Charles H. Stegmeyer of Stegmeyer and Stegmeyer, Ltd., and for Count III of his complaint against the defendant, SHAWNEETOWN HARBOR SERVICE, INC., states as follows:

1. That plaintiff was at the time of his injury on April 9, 2013, an employee of the defendant and was working as a seaman aboard defendant's vessel.

2. That pursuant to the terms of his employment, the plaintiff was to receive compensation in the amount of Seventy Thousand Dollars ($70,000.00) per year.

3. That plaintiff was injured while working as a seaman aboard the defendant's vessel and as a matter of right was entitled to receive maintenance, cure and unearned wages as a result of his injury.

4. That despite the defendant's absolute duty to pay maintenance, cure and unearned wages, the defendant refused to make such payments despite the fact that plaintiff did not commit any willful misconduct or any deliberate act of indiscretion.

WHEREFORE, plaintiff prays judgment against the defendant for maintenance, cure, lost wages, past and future, and attorney's fees.

Respectfully submitted,

/s/ Charles H. Stegmeyer
**Charles H. Stegmeyer #2714728**
**Stegmeyer & Stegmeyer, Ltd.**
7707 West Main Street, Suite 4
Belleville, Illinois 62223
618-398-4895 (telephone)
618-398-8992 (fax)

DEFENDANT DEMANDS JURY TRIAL ON ALL COUNTS

-5-

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000362693          DATE: 11-13-2014          TIME: 13:32:22
RECEIVED OF: STEGMEYER CHARLES H.                           MEMO:
    PART. ID: 669
  BY CLERK: JP
    CHECKS: A   5811                      $266.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 14-L-0752 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $266.00 |
| RIGSBY JR VS MEDICINE SHOPPE | | | | |
| PARTY:  STEGMEYER CHARLES H. | | | | |
| | | TOTAL RECEIPT... | | $266.00 |

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois        )
County of St. Clair     )  S.S.

Case Number  14 L 752

Amount Claimed _____

Billy R. Rigsby, Jr.

**VS**

Medicine Shoppe International, Inc.Platt Marine Services, Inc.and Tonkin & Mondl,k L.C.

Plaintiff(s)                                    Defendant(s)

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Charles H. Stegmeyer _____ Code 2714728
Address 7707 West Main Street, Suite 4
City Belleville, Illinois 62223 _____ Phone 618-398-4895
Add. Pltf. Atty. _____ Code _____

## SUMMONS COPY

To the above named defendant(s). . . . . . :

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
NAME Medicine Shoppe International, Inc.

ADDRESS c/o CT Corporation System 208 So LaSalle Street, Suite 814

CITY & STATE Chicago, IL 60604

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 11 - 13 - 20 14

Kahalah Clay
Clerk of Court

BY DEPUTY Vickie Fayll

**SEAL**

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants -- personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____$ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois    )
County of St. Clair  )  S.S.

Case Number __141 752__

Amount Claimed _____

Billy R. Rigsby, Jr.

VS

Medicine Shoppe International, Inc. Platt Marine Services, Inc. and Tonkin & Mondl,k L.C.

**Plaintiff(s)**                                    **Defendant(s)**

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. __Charles H. Stegmeyer__ Code 2714728
Address __7707 West Main Street, Suite 4__
City __Belleville, Illinois 62223__ Phone 618-398-4895
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Platt Marine Services, Inc.

ADDRESS c/o Ronald N. compton, 8909 Ladue Road

## SUMMONS COPY
To the above named defendant(s)......:

CITY & STATE St. Louis, MO 63124

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20. __
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ___11 - 13 - 20 14___

SEAL

_Kahalah Clay_
Clerk of Court

BY DEPUTY: _Nickee Doll_

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):

By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                                        Date of service

_____           _____

_____           _____

_____           _____

_____           _____

(b) · (Individual defendants · abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____\$ |
| Miles _____ . . . . . . . . . .\$_____ |
| Total . . . . . . . . . . . . . . . . . . . . . .\$_____ |
| |
| _____ |
| Sheriff of _____County |

_____, Sheriff of _____County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois     )
                      )  S.S.
County of St. Clair   )

Case Number ____14L 752____

Amount Claimed _____

Billy R. Rigsby, Jr.

VS

Medicine Shoppe International, Inc.Platt Marine Services, Inc.and Tonkin & Mondl,k L.C.

**Plaintiff(s)**                                    **Defendant(s)**

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Charles H. Stegmeyer _____ Code 2714728
Address 7707 West Main Street, Suite 4
City Belleville, Illinois 62223 _____ Phone 618-398-4895
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Tonkin & Mondl

ADDRESS c/o Jim Mondl, 701 Market St., Suite 260

### SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE St. Louis, MO 63101

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___.
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

   TO THE OFFICER:
   This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

   This summons may not be served later than 30 days after its date.

WITNESS, __11 - 13 - 20 14__

_Kahelah Clay_
Clerk of Court

BY DEPUTY: _Vickie Doll_

SEAL

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
    By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |

(b) - (Individual defendants - abode):
    By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
    By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . $ _____ |
| Total . . . . . . . . . . . . . . . . . .$ _____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy



# STEGMEYER & STEGMEYER, Ltd

### 7707 WEST MAIN ST., SUITE #4
### BELLEVILLE, ILLINOIS 62223
*stegmeyerlaw@hotmail.com*

Charles H. Stegmeyer                                    Telephone: (618) 398-4895
Charles F. Stegmeyer (1915-1998)                        Facsimile: (618)398-8992

December 2, 2014

Clerk of the Circuit Court
St. Clair County Building
10 Public Square
Belleville, IL 62220

> FILED
> ST. CLAIR COUNTY
>
> DEC 0 4 2014
>
> *Kehlah A. Clay*
> CIRCUIT CLERK

      Re: Rigsby v. Medicine Shoppe et al
      No. 14-L-752

Dear Sir or Madam:

    Enclosed please find Motion to Voluntarily Dimiss Action which I ask that you file in the above matter.    Please return a file-marked copy to my office in the enclosed, self-addressed, stamped envelope.

    Thank you.

Sincerely,

Charles H. Stegmeyer

CHS/cas
Enclosures

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| BILLY R. RIGSBY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-L-752 |
| | ) |
| MEDICINE SHOPPE INTERNATIONAL, | ) |
| INC., PLATT MARINE SERVICES, INC. | ) |
| and TONKIN & MONDL, LC, | ) |
| | ) |
| Defendants. | ) |

```
                              FILED
                         ST. CLAIR COUNTY

                           DEC 0 4 2014

                            CIRCUIT CLERK
```

## MOTION TO VOLUNTARILY DISMISS ACTION

Now comes petitioner, BILLY R. RIGSBY, JR. through his attorney, CHARLES H. STEGMEYER of STEGMEYER & STEGMEYER, LTD. and hereby moves this Honorable Court pursuant to 735 ILCS 5/2-1009, et seq. to enter an Order voluntarily dismissing petitioner's cause of action against defendant, MEDICINE SHOPPE INTERNATIONAL, INC., without prejudice, and in support thereof states as follows:

1.   No trial has yet been commenced in this action and no final judgment has been entered.

2.   Notice of this motion has been provided to counsel for respondent.

WHEREFORE, petitioner respectfully requests that this Court enter an Order voluntarily dismissing his cause of action against the respondent, without prejudice, pursuant to 735 ILCS 5/2-1009.

Respectfully submitted,

CHARLES H. STEGMEYER #2714728

Stegmeyer & Stegmeyer, Ltd.
2700 W. Main Street
Suite 4
Belleville, IL 62223

CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

Billy R. Rigsby, Jr.,

      Plaintiff,

vs.

MEDICINE SHOPPE INTERNATIONAL, INC,
PLATT MARINE SERVICES, INC., and
TONKIN & MONDL, LC.,

      Defendants.

Case No. 14-L-752



### DISMISSAL ORDER

Pursuant to Plaintiff's Motion to Voluntarily Dismiss Action, Plaintiff's cause of action against Defendant, Medicine Shoppe International, Inc. is hereby dismissed, without prejudice.

_____
Judge

_____12/16/14,_____
Date