IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY R. RIGSBY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-CV-01389-NJR-PMF |
| | ) |
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) |
| PLATT MARINE SERVICES, INC., and | ) |
| TONKIN & MONDL, L.C. | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

COME NOW Defendants Tonkin & Mondl, L.C., and Platt Marine Service, Inc., and pursuant to Rules 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, move this Court to dismiss Plaintiff's Complaint or, in the alternative, to grant summary judgment in favor of Defendants. In support thereof, Defendants state:

1. This case arises from a back injury Plaintiff Billy Rigsby reported in April 2013 while working for Shawneetown Harbor Service, Inc (Ex. A ¶ 2). This lawsuit is against the investigator and lawyers representing Shawneetown Harbor regarding that alleged injury.

2. In 2005, Rigsby underwent a physical examination in conjunction with renewing his boat pilot license (Ex. A ¶ 3; A-1)

3. Mr. Rigsby's personnel file included Exhibit A-1, "Merchant Mariner Physical Examination Report," which lists medications Mr. Rigsby was currently taking along with the condition for which the medication is taken (Ex. A-1, § VI).  A hand-written notation in Section

VI, "Medications," indicated that Mr. Rigsby reported that he was taking Effexor for anxiety and Oxycontin for "chronic back pain." (Ex. A-1, § VI).

    4.    After Rigsby reported his back injury in April 2013, Defendant Tonkin & Mondl, L.C., with the cooperation and participation of Rigsby's attorney, obtained a sworn statement from Rigsby on January 10, 2014, regarding that alleged back injury (Ex. H),

    5.    In his sworn statement, plaintiff Rigsby gave the following testimony:

a. He had never had any injuries to his back before April 9, 2013, "not that I'm aware of" or "not that bothered me." (Ex. H at 7, ¶ 21 – 8 ¶ 1);

b. He had not had any medical treatment for neck problems. (Ex. H at 9, ¶ 21 – 24);

c. He had not had any mid-back problems which caused him to seek any medical attention. (Ex. H at 10, ¶ 1-5)

d. He had not had any low-back problems before April of 2013. (Ex. H at 10, ¶ 6-10);

e. He responded that he had no "conditions or medical problems for which you've sought medical treatment in the past 10 years prior to April of 2013" that he could remember. (Ex. H at 11, ¶ 1-9);

f. Rigsby's own lawyer summed up Rigsby's testimony "that he's had no problems requiring medical attention to any part of his body prior to this accident. So I think we've covered that." (Ex. H at 13, ¶ 14-18)

      g. Rigsby specifically and repeatedly denied taking any medication for his back before April 9, 2013, although he acknowledged taking Lortab for his "shoulders." (Ex. H at 14, ¶ 19-23, 20 ¶ 1-5)

6. At the conclusion of the sworn statement, while still in the presence of his attorney, Rigsby voluntarily executed a blank medical authorization. (Ex. B).

7. Defendant Tonkin & Mondl, LLC used Rigsby's authorization to obtain copies of records from The Medicine Shoppe Pharmacy. Those records show that Rigsby filled numerous prescriptions for Oxycontin and Hydrocodone (Ex. A, D). Specifically, between February 16, 2011 and April 4, 2013, less than a week before his alleged injury, The Medicine Shoppe Pharmacy dispensed to Rigsby 24 prescriptions for hydrocodone, 6 prescriptions for Oxycontin, 4 prescriptions for Tramadol and 2 prescriptions for Opana.

8. Rigsby undisputedly perjured himself in that sworn statement, and now seeks to blame the attorney who asked him the questions, asserting that Defendants breached duties of confidentiality and privacy.

9. Plaintiff's claim fails on his pleadings, because HIPAA preempts common law or statutory rights of privacy and confidentiality in medical records as to all but three specific groups. Neither Defendant falls into any of the limited exceptions.

10. Furthermore, HIPAA does not provide a cause of action or a right to a court proceeding under any circumstances.

11. Even if Plaintiff could assert a cause of action, the undisputed facts show the allegations in Plaintiff's Complaint of improperly obtaining records are false. This Court should

dismiss Rigsby's Complaint for failure to state a claim, or, in the alternative, grant Defendants summary judgment.

12. This Motion is supported by a memorandum of law that is filed herewith by separate document, and by the following exhibits, which are attached hereto and incorporated herein:

> Ex. A – Affidavit of James K. Mondl and attachment A-1, ("Merchant Mariner Physical Examination Report."
> Ex. B – Signed Authorization (blank)
> Ex. C – Medical Records Request – The Medicine Shoppe
> Ex. D – The Medicine Shoppe Records and Invoice #1938.
> Ex. E – Check for Medicine Shoppe Records
> Ex. F – Letter to Charles Stegmeyer – January 23, 2014
> Ex. G – Email to Charles Stegmeyer – January 29, 2014
> Ex. H – Sworn Statement of Billy Ray Rigsby, January 10, 2014

WHEREFORE, Defendants move this Court to dismiss both counts of Plaintiff's Complaint or, in the alternative, to grant summary judgment to Defendants on all counts, and for such further relief the Court deems appropriate.

    Armbruster, Dripps,
    Winterscheidt & Blotevogel, LLC, and

    /s/ Roy C. Dripps
    219 Piasa Street
    Alton, IL 62002
    Tel: (618) 208-0320
    Fax: (800) 927-1529

    AND

                         TONKIN & MONDL, L.C., and
                         Courtney C. Stirrat, IL Bar #6305084
                         701 Market Street, Suite 260
                         St. Louis, Missouri 63101
                         Tel: 314/231-2794
                         Fax: 314/231-1481
                         cstirrat@tonkinmondl.com

***ATTORNEYS FOR DEFENDANTS,***
***PLATT MARINE SERVICES, INC., and***
***TONKIN & MONDL, L.C.***

## CERTIFICATE OF SERVICE

I hereby certify that on this date, December 31, 2014, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                                         /s/ Roy C. Dripps